IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHN AARON KNOX                                                    PLAINTIFF

v.                               No. 2:14–CV–100–BSM–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                     DEFENDANT

RECOMMENDED DISPOSITION

Instructions

The following recommended disposition was prepared for U.S. District Judge

Brian S. Miller.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Miller can

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

adopt the recommended disposition without independently reviewing all of the record

evidence.

## Reasoning for Recommended Disposition

John Aaron Knox seeks judicial review of the denial of his application for social

security disability benefits.[3]  Mr. Knox claims he has been disabled since March 10, 2011,

when he lost his job as a grain dryer operator.  Mr. Knox based disability on diabetes,

high blood pressure, high cholesterol, right shoulder pain, low back pain, neuropathy in

the legs, and blackout spells.[4]  Mr. Knox underwent right-shoulder surgery in

November 2011.[5]  He then applied for disability benefits.

**The Commissioner's decision**.  After considering Mr. Knox's application, the

Commissioner's ALJ determined that Mr. Knox has severe impairments — right

shoulder pain status post open reduction and internal fixation, diabetes mellitus,

obesity, right hip arthritis, and hypertension[6] — but that he could do some light work.[7]

---

[3]SSA record at p. 138 (applying on Dec. 13, 2011 and alleging disability beginning
Mar. 10, 2011).

[4]*Id*. at p. 155.

[5]*Id*. at p. 241.

[6]*Id*. at p. 56.

[7]*Id*. at p. 58 (placing the following limitations on light work: (1) no unprotected
heights or climbing ladders, ropes or scaffolds; (2) no overhead reaching with the right
arm; (3) occasional reaching with the right arm; (4) no lifting more than 10 pounds with

Because a vocational expert identified cashier II as representative, available work,[8] the

ALJ determined that Mr. Knox was not disabled and denied the application.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the

ALJ's decision became a final decision for judicial review.[11]  Mr. Knox filed this case to

challenge the decision.[12]  In reviewing the decision, the court must determine whether

substantial evidence supports the decision and whether the ALJ made a legal error.[13]

This recommendation identifies a legal error and explains why this case must be

remanded to the Commissioner for vocational evidence.

---

the right arm; and (5) work allowing the worker to sit for 10 minutes after
standing/walking for one hour).

[8]*Id*. at pp. 44-48 (identifying cashier II).

[9]*Id*. at p. 65.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social
Security Act precludes general federal subject matter jurisdiction until administrative
remedies have been exhausted" and explaining that the Commissioner's appeal
procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether
Commissioner's findings are supported by substantial evidence and whether
Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187
(8th Cir. 1997) (court will uphold decision if it isn't based on legal error and substantial
evidence in the record as a whole supports conclusion that claimant isn't disabled).

**Mr. Knox's allegations**.  Mr. Knox challenges two aspects of the ALJ's decision:

(1) the assessment of his credibility and (2) the determination that work exists that he

could do.[14]  Mr. Knox claims he has little use of his right arm since shoulder surgery.

He maintains that the ALJ failed to consider that he is right-hand dominant.  He says

working as a cashier exceeds his ability to reach with his right arm.  According to Mr.

Knox, there are insufficient cashier II jobs to meet the Commissioner's burden to show

work exists that he can do.  For these reasons, he argues, substantial evidence does not

support the decision.

**Applicable legal principles**.  Mr. Knox's argument implicates steps four and five

of the disability-determination process.

> At step four, the ALJ determines whether the claimant retains the
> "residual functional capacity" (RFC) to perform his … past relevant work.
> If the claimant remains able to perform that past relevant work, he is not
> entitled to disability … benefits.  If he is not capable of performing past
> relevant work, the ALJ proceeds to step five and considers whether there
> exist work opportunities in the national economy that the claimant can
> perform given his … medical impairments, age, education, past work
> experience, and RFC.  If the Commissioner demonstrates that such work
> exists, the claimant is not entitled to disability … benefits.[15]

**Substantial evidence supports the credibility assessment**.  To determine a

claimant's RFC, the ALJ must first assess the claimant's credibility because allegations

---

[14]Docket entry # 15.

[15]*McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (citations omitted).

play a role in determining RFC.[16]  To assess Mr. Knox's credibility, the ALJ followed the

required two-step process and considered the required factors.[17]  The court must decide

whether substantial evidence supports the ALJ's credibility assessment.

**Inconsistent statements support the credibility assessment.**  The ALJ may

discount the claimant's subjective complaints if there are inconsistencies in the record as

a whole.[18]  Mr. Knox's challenge centers on limited use of the right arm.  Mr. Knox

dislocated his shoulder in November 2011.[19]  A few weeks later, he underwent surgery

for fixation of hardware to repair his injury.[20]  Afterward, Mr. Knox complained to his

primary care physician (PCP) about right-shoulder pain,[21] but he did not mention his

right shoulder to the mental diagnostic examiner.  Instead, he identified diabetes and

hypertension as his reasons for disability.[22]  Failing to mention his right shoulder is

inconsistent with his allegations.

---

[16]*See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[17]*Id.*

[18]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[19]SSA record at p. 257.

[20]*Id.* at p. 241.

[21]*Id.* at p. 253 (Dec. 30, 2011) , p. 294 (Mar. 30, 2012), p. 353 (June 13, 2012), p. 347 (Aug. 29, 2012), p. 339 Dec. 19, 2012) & p. 334 (Jan. 31, 2013).

[22]*Id.* at p. 310 (July 9, 2012).

Mr. Knox claims he experiences disabling shoulder pain, but his PCP prescribed little treatment.[23]  The prescribed treatment is inconsistent with the alleged pain and limitation.

Mr. Knox testified that he last worked in March 2011, but in July 2012, he told the mental examiner that he worked part-time remodeling houses.[24]  Mr. Knox would need his right arm to remodel houses because he is right-hand dominant.  Treatment notes indicate that Mr. Knox worked part-time during times he says he could not, and did not, work.[25]  Working part-time is inconsistent with his allegations.

Mr. Knox hurt his shoulder in November 2011, but he included the right shoulder as one of his reasons for disability beginning March 2011.  The time of the injury is inconsistent with the alleged onset date.

**This case needs additional vocational evidence to satisfy step five.**  At step five, the Commissioner determines whether work exists in the national economy that the

---

[23]*Id*. at pp. 253-55 (Dec. 30, 2011, no treatment), pp. 296-97 (Jan. 18, 2012, nonsteroidal anti-inflammatory drug and smoking cessation), pp. 294-95 (Mar. 30, 2012, different nonsteroidal anti-inflammatory drug and something for sleeping), pp. 353-56 (June 13, 2012, no treatment), pp. 347-50 (Aug. 29, 2012, return to orthopedist), pp. 344-46 (Sept. 12, 2012, no treatment), pp. 339-43 (Dec. 19, 2012, range of motion exercises) & pp. 334-35 (Jan. 31, 2013, return to orthopedist).

[24]*Id*. at p. 310.

[25]*Id*. at p. 354 (June 12, 2012), p. 348 (Aug. 29, 2012), p. 345 (Sept. 12, 2012) & p. 337 (Jan. 4, 2013).

claimant could do.[26]  For claimants like Mr. Knox, who have non-exertional limitations,

the ALJ must consult a vocational expert[27] to determine "whether jobs exist for a person

with the claimant's precise disabilities."[28]  Under the Commissioner's regulation, the

ALJ must ask the vocational expert for a reasonable explanation "for any 'apparent

unresolved conflict' between vocational expert testimony and the Dictionary of

Occupational Titles (DOT), before relying on the testimony in determining whether the

claimant is disabled."[29]

    **An apparent unresolved conflict exists in this case**.  The conflict flowed from

the ALJ's limitations on using the right arm; *i.e.*, no overhead reaching and occasional

other reaching.[30]  When the ALJ asked the vocational expert about available work for a

person with these limitations, the vocational expert identified cashier II.[31]  Identifying

cashier II created an apparent conflict with the DOT, because the Selected

Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles

---

[26]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[27]*Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir. 1994); *Stewart v. Shalala*, 957 F.2d 581, 586 (8th Cir. 1992).

[28]*Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980).

[29]SSR 00-4p, *Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Information in Disability Decisions*.

[30]SSA record at p. 58.

[31]*Id*. at pp. 43-44.

(SCO) — a DOT companion publication — lists frequent reaching as a physical

requirement for cashier II,[32] and defines reaching as "[e]xtending hand(s) and arm(s) in

any direction."[33]  The ALJ addressed the possibility of a conflict by asking the vocational

expert about consistency with the DOT and its companion publications, but under

Eighth Circuit case law, that is not enough to resolve the conflict.

Although a particular job's requirements may be more or less than the SCO's

listed requirements,[34] the SCO's reaching requirements served as the basis of two recent

Eighth Circuit remands.[35]  In both cases, the ALJ limited the claimant's ability to reach,

and the vocational expert identified a job that, according to the SCO, requires frequent

reaching.[36]  In both cases, the ALJ asked the vocational expert about the consistency of

his testimony with the DOT, but it wasn't enough for the vocational expert to confirm

his testimony was consistent with the DOT and the companion volumes.[37]  In both

cases, the Eighth Circuit remanded because the record did not reflect whether the

---

[32]SCO at p. 333.

[33]*Id.*, app. C, p. C-3.

[34]*Id.* at x-xi.

[35]*Moore v. Colvin*, 769 F.3d 987 (8th Cir. 2014); *Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014).

[36]*Moore*, 769 F.3d at 989; *Kemp*, 743 F.3d at 632.

[37]*Moore*, 769 F.3d at 990; *Kemp*, 743 F.3d at 632.

vocational expert or the ALJ recognized an apparent conflict.[38]  In another recent case, the Eighth Circuit stated, the ALJ has "an affirmative responsibility to ask about 'any possible conflict' between [vocational expert] evidence and the DOT . . .."[39]  That is, the record must reflect an explanation about why a person with reaching limitations could do a job that may require frequent reaching.

The apparent conflict was not resolved in this case.  At the conclusion of the vocational expert's testimony, the ALJ asked the vocational expert whether his testimony was consistent with the DOT and its companion publications.  The vocational expert answered "yes."  Under the case law, that response was insufficient to resolve the conflict, because the record doesn't explain why a person who cannot reach overhead and can reach occasionally can work as a cashier II.  Considering the frequency a vocational expert encounters cashier II workers, there is likely an explanation, but the record does not reflect the explanation.  The record does not even reflect whether the vocational expert or the ALJ recognized the conflict.  This case requires additional vocational evidence to resolve the conflict.

---

[38]*Moore*, 769 F.3d at 989; *Kemp*, 743 F.3d at 633.

[39]*Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014).

## Conclusion and Recommendation

Inconsistency in the record supports the ALJ's credibility assessment, but the ALJ

did not resolve an apparent conflict between the ALJ's reaching limitations and the

reaching requirements for a cashier II.  For this reason, the court should remand the

case for vocational evidence to resolve the conflict.   If the court accept this

recommendation, the court's remand order should include the following instructions:

> This case is remanded for the legal error discussed in the magistrate
> judge's recommended disposition; *i.e.*, an unresolved conflict between
> claimant Mr. Knox's reaching limitations and the reaching requirements
> for cashier II.  On remand, the Commissioner's ALJ should obtain
> additional vocational evidence and resolve the conflict.  The ALJ may
> obtain vocational evidence by questioning a vocational expert during a
> hearing or by written interrogatories.  After obtaining vocational evidence,
> the ALJ should consider whether work exists that Mr. Knox can do.

Attaching a copy of this order will provide the ALJ with the information needed to

comply with the court's remand order.

Dated this 3rd day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE